United States Court of Appeals,

Fifth Circuit.

No. 96-20240.

In the Matter of Wayman Henry CHUNN, Debtor.

Linda Lee CHUNN, Plaintiff-Appellee,

v.

Wayman Henry CHUNN, III, Defendant-Appellant.

March 6, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before DUHÉ, BENAVIDES and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:

This is a bankruptcy appeal challenging the granting of relief from an automatic stay under 11 U.S.C. § 362.[1] We focus on a question of first impression in this circuit, whether the lifting of the stay is an appealable order.

I. BACKGROUND AND PROCEDURAL HISTORY

On November 9, 1994, a state district court in Texas signed a final decree of divorce, dissolving the marriage of Wayman Henry Chunn, III (Mr. Chunn), the debtor-appellant in this bankruptcy appeal, and Linda Lee Chunn (Mrs. Chunn), the appellee. Mr. Chunn filed an appeal from the divorce decree that, according to the

---

[1] 11 U.S.C. § 362(a)(1) provides that the automatic stay applies to, among other things, "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor." (emphasis added). It also applies to "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." *Id.* at 362(a)(2).

1

parties, currently is pending before the Texas appellate courts. On December 5, 1994, Mr. Chunn voluntarily filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Texas.

On December 30, 1994, the state district court held an evidentiary hearing on Mrs. Chunn's motion for temporary orders for support during pendency of the appeal of the divorce decree. On January 9, 1995, the state district court ordered Mr. Chunn to pay the following amounts each month during pendency of the appeal: $1,560 for the support of the three minor children; $240 spousal support; and $912 to Nations Bank for the mortgage payment, which was designated as "additional spousal support." The court found that Mr. Chunn had the ability to make the aforementioned payments from his post-bankruptcy-petition earnings.

Mr. Chunn has failed to make the monthly mortgage payments that were designated as spousal support. Efforts to enforce the support order by contempt have resulted in Mr. Chunn's incarceration and subsequent release. After Mrs. Chunn filed an additional motion for contempt based on Mr. Chunn's continued noncompliance with the order to pay the mortgage, the state court requested that Mrs. Chunn seek clarification from the bankruptcy court regarding the state court's continued ability to enforce the temporary orders in the face of the automatic stay under 11 U.S.C. § 362.[2]

---

[2]Previously, on March 22, 1995, the bankruptcy court granted Mrs. Chunn's first motion for relief from stay. Mr. Chunn did not appeal that lifting of the stay. On the suggestion of the state

On December 12, 1995, Mrs. Chunn filed a motion for relief from the automatic stay in bankruptcy court. In that motion, she sought an order "lifting the stay for purposes permitting the Divorce Court to enforce the currently pending temporary orders directing the payment by [Mr. Chunn] of the mortgage payments on the former marital homestead directly to the mortgage company."

Mr. Chunn filed an answer asserting that he was no longer obligated to pay the mortgage because the mortgage company failed to timely object to his discharge in bankruptcy. Mr. Chunn further responded that Mrs. Chunn was "attempting to retroactively validate a state court order which was obtained in flagrant disregard for the proper provisions under Title 11." After conducting a hearing, the bankruptcy court signed an order lifting the stay on January 5, 1996. The order provided that "the stay lifts to permit the court having jurisdiction over the pending divorce proceeding between Linda Lee Chunn and Wayman Henry Chunn, III to enter and enforce temporary orders regarding spousal support, including contempt orders, in accordance with state law."

On January 12, 1996, Mr. Chunn appealed to the district court. A little over two weeks later, the district court, without benefit of briefing, affirmed the bankruptcy court's lifting of the stay. Mr. Chunn now appeals to this Court.[3]

---

judge, Mrs. Chunn then filed the instant motion to lift stay to ensure that the state judge had specific permission to incarcerate Chunn for his continued contempt of the temporary order.

[3]After the parties filed briefs in this Court, the bankruptcy court has entered a judgment that provides, among other things, that the following debts are nondischargeable: all child support

II. ANALYSIS

A. WHETHER THE ORDER WAS FINAL AND APPEALABLE

Although the parties do not challenge the appellate jurisdiction of either the district court or this Court, "we are obligated to examine the basis for our jurisdiction, *sua sponte,* if necessary." *Williams v. Chater,* 87 F.3d 702, 704 (5th Cir.1996). We apparently have never squarely addressed the question whether a bankruptcy court's lifting of an automatic stay is a final and appealable order under 28 U.S.C. § 158.[4]

In pertinent part, section 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of bankruptcy judges. Section 158(d) provides that "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section."[5]

In the context of 28 U.S.C. § 1291, the Supreme Court has defined a final judgment as a decision that ends the litigation on the merits and leaves nothing for the court to do except execute the judgment. *Coopers and Lybrand v. Livesay,* 437 U.S. 463, 467,

---

payments; the temporary spousal support in the amount of $240 per month; and the $912 mortgage payments to the mortgage company.

[4]Here, "the district court's order simply affirmed the bankruptcy court's disposition. Either both were final or neither was." *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1395 (5th Cir.1987).

[5]Subsection 158(b) is not relevant to this case in that it involves an appellate panel comprised of bankruptcy judges.

98 S.Ct. 2454, 2456, 57 L.Ed.2d 351 (1978). In the context of bankruptcy cases, however, it is well established that finality "is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." *Matter of England,* 975 F.2d 1168, 1172 (5th Cir.1992). This Court has explained that an order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d)." *Id.*

Although we apparently have never held that a bankruptcy court's order granting relief from an automatic stay is final and appealable, we have stated, in dicta, that "[o]rders granting or denying relief from the automatic stay [pursuant to § 362] are final and appealable." *In the Matter of Lieb,* 915 F.2d 180, 185 n. 3 (5th Cir.1990) (citing *In re Sun Valley Foods Co.,* 801 F.2d 186, 190 (6th Cir.1986)). Indeed, our research reveals that our sister circuits have invariably held that orders granting relief from a § 362 automatic stay are final and appealable. *In re Pegasus Agency, Inc.,* 101 F.3d 882, 885 (2d Cir.1996); *Eddleman v. United States Dep't of Labor,* 923 F.2d 782, 784 (10th Cir.1991), *overruled in part on other grounds, Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson,* 968 F.2d 1003 (10th Cir.1992); *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir.), *cert. denied,* 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *In re Sun Valley Foods Company,* 801 F.2d 186, 189 (6th Cir.1986); *In re American Mariner Industries, Inc.,* 734 F.2d 426, 429 (9th

5

Cir.1984); *In re Comer,* 716 F.2d 168, 172 (3d Cir.1983).

In making this determination, several of the circuits have relied on the legislative history of the automatic stay in the Bankruptcy Code, which reveals that Congress perceived the automatic stay to be similar to a permanent injunction. *E.g., Eddleman,* 923 F.2d at 785 (citing H.R.Rep. No. 595, 95th Cong., 2d Sess. 344, *reprinted* in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6300). Reasoning that a permanent injunction is appealable as a final order, the courts have concluded that Congress likewise intended the lifting of a stay to be appealable. *Id.* (citing *Vicksburg v. Henson,* 231 U.S. 259, 34 S.Ct. 95, 58 L.Ed. 209 (1913)).

Moreover, the courts have recognized that if such orders are not considered final and appealable, they would be, for the most part, unreviewable by the circuit courts. *E.g., Eddleman,* 923 F.2d at 785. We are persuaded by the above reasoning and conclude that an order granting relief from an automatic stay is a final and appealable order.

B. WHETHER BANKRUPTCY COURT ERRED IN LIFTING THE STAY

After reviewing the record, briefs, and arguments of counsel, it is clear that the state court's order that Mr. Chunn pay the mortgage payments pending appeal of the divorce judgment was actually in the nature of support. It was designated as such and can hardly be construed as anything but a support order. It is without dispute that Texas courts, like the courts of other states, routinely make temporary support orders regarding the payment of

6

expenses, including mortgage payments.  This is especially so in cases such as the instant case where the party receiving support is the primary custodian of the minor children of the marriage sought to be dissolved.  Pursuant to § 362(b)(2), which specifically exempts actions for the collection of maintenance, the automatic stay did not apply to the support order.[6]  Therefore, the bankruptcy court could not have abused its discretion in lifting the stay to allow enforcement of the order.  *See Gibraltar Sav. v. LDBrinkman Corp.,* 860 F.2d 1275, 1285 (5th Cir.1988), *cert. denied,* 490 U.S. 1091, 109 S.Ct. 2432, 104 L.Ed.2d 988 (1989).  We likewise find Mr. Chunn's remaining arguments to be without merit.

AFFIRMED.

---

[6]Chunn's circular argument that the temporary order for support was void because it violated the stay (that was lifted) is meritless.  This Court has held "that actions taken in violation of an automatic stay are not *void,* but rather that they are merely *voidable,* because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d)." *Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 850 (5th Cir.1990) (emphasis in opinion) (citing *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989)).  The Court further explained that when a bankruptcy court lifts the automatic stay, any defect in the previous action is cured.  Thus, in the instant case, any alleged defect in the state court order was cured when the stay was lifted.