United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60696
Summary Calendar

ROGELIO RAMIREZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 199 591
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Rogelio Ramirez petitions for review of an order by the
Board of Immigration Appeals (BIA). Ramirez contends that the
BIA erred when it found him removable based on his Texas
conviction for unauthorized use of a motor vehicle (UUMV).
Ramirez also asserts that the BIA erred when it denied his
request for a waiver of removal under former Immigration and
Nationality Act § 212(c), former 8 U.S.C. § 1182(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court must consider, sua sponte if necessary, whether appellate jurisdiction exists. See Chunn v. Chunn (In re Chunn), 106 F.3d 1239, 1241 (5th Cir. 1997). Ramirez admits "[t]his court previously held that it did not have jurisdiction to review [his] removal order, presumably finding UUMV is an aggravated felony - crime of violence." However, he asks this court to determine whether his Texas conviction for UUMV is a crime of violence in light of Leocal v. Ashcroft, 543 U.S. 1 (2004).

This court's pre-Leocal jurisprudence was consistent with Leocal's holding related to 18 U.S.C. § 16(b). See, e.g., United States v. Chapa-Garza, 243 F.3d 921, 927 (5th Cir. 2001). Therefore, Ramirez's petition fails to "present[] grounds that could not have been presented in the prior judicial proceeding." 8 U.S.C. § 1252(d)(2). Accordingly, this court would have jurisdiction over this petition only if "the remedy provided by the prior proceeding was inadequate or ineffective to test the validity of the order." Id. Ramirez fails to make such a showing.

For these reasons, Ramirez's petition for review is DISMISSED FOR LACK OF JURISDICTION.