REVISED APRIL 23, 2008

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

No. 07-10457

Charles R. Fulbruge III
Clerk

IN THE MATTER OF:  JACK E PRATT, JR

Debtor

----------------------------------------

THE CADLE COMPANY

Appellant

v.

JACK E PRATT, JR

Appellee

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:06-CV-00257

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

WIENER, Circuit Judge.

Appellant The Cadle Company ("Cadle") appeals the bankruptcy court's denial of its motion for sanctions against Richard B. Schiro ("Schiro"), counsel for the debtor in the underlying Chapter 7 bankruptcy proceeding.  Cadle also appeals the bankruptcy court's award of attorney's fees to Schiro.  As Cadle failed to comply with the service requirement of Rule 9011, we affirm the denial

of sanctions. We do not have jurisdiction to review the award of attorney's fees, however, because, on appeal, the district court remanded that issue to the bankruptcy court for significant further proceedings.

## I. Facts and Proceedings

This motion for sanctions and subsequent award of attorney's fees is the result of a longstanding fight between Cadle and the Pratt family. The history of this case is long and convoluted, but a short recitation of the facts will suffice to resolve the current issues on appeal.

On August 16, 2000, Jack E. Pratt, Jr. ("Pratt Jr.") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Schiro represented Pratt Jr. in the bankruptcy proceeding. Several months later, Cadle, one of Pratt Jr.'s creditors, filed an adversary action against him, objecting to his bankruptcy discharge. Cadle argued that the discharge should be denied because, among other things, Pratt Jr. never disclosed his right to payments under his mother's will. At trial, Schiro presented testimony that Pratt Jr. was not entitled to any distributions from his mother's estate because he owed more for loans made to him by his mother during her lifetime than any distributions to which he would have been entitled under the will. The bankruptcy court determined that Cadle had failed to meet its burden of showing, by a preponderance of the evidence, that Pratt Jr.'s debts should be nondischargeable.[1]

After the bankruptcy court rendered a decision in the Pratt Jr. action, Cadle learned that Pratt Jr. had received loans from his mother's estate after her death. Cadle filed a motion for Rule 9011 sanctions against Schiro in the

---

[1] Cadle appealed the ruling, and the district court affirmed. See Cadle Co. v. Pratt, No. 3:03-CV-0932-L, 2004 WL 718977 (N.D. Tex. Mar. 31, 2004). Cadle again appealed, and we affirmed. See In re Pratt, 411 F.3d 561 (5th Cir. 2005). Cadle's Petition for Panel Rehearing was denied on July 7, 2005.

bankruptcy court where the Pratt Jr. adversary proceeding was tried.[2] The bankruptcy court denied Cadle's motion for sanctions for failure to serve Schiro with a copy of the motion twenty-one days prior to filing with the court. Alternatively, the bankruptcy court noted that Cadle was unable to establish a Rule 9011 violation because the original testimony regarding Pratt Jr.'s distributions from the will was both credible and persuasive. Pursuant to Rule 9011, the bankruptcy court awarded Schiro attorney's fees for defending the motion for sanctions.

On appeal, the district court affirmed the bankruptcy court's denial of sanctions based on Cadle's failure to comply with the service requirement of Rule 9011. Alternatively, the district court determined that Cadle's motion for sanctions was untimely, as it was filed after the conclusion of the case. In a footnote to the opinion, the district court observed that Cadle had also failed to prove a Rule 9011 violation. The district court held, however, that the bankruptcy court had abused its discretion by awarding attorney's fees and expenses to Schiro without allowing Cadle the right to examine, question, or provide argument against the claimed fees and expenses. The district court remanded the award of attorney's fees to the bankruptcy court for a determination of "whether the award is warranted and, if so, whether the amounts requested by Schiro for attorney's fees and expenses are reasonable and necessary." Cadle appeals (1) the bankruptcy court's denial of its motion for Rule 9011 sanctions, and (2) the bankruptcy court's award of attorney's fees in favor of Schiro.

---

[2] Cadle also filed a motion to vacate the bankruptcy court's decision in the Pratt Jr. adversary action. The bankruptcy court denied the motion to vacate because "Cadle failed to connect such alleged false testimony [of Pratt Sr. and Ms. Johnston] to an officer of this court." Cadle appealed the bankruptcy court's ruling, and the district court affirmed. We also affirmed the ruling. In re Pratt, 242 F. App'x 248 (5th Cir. 2007) (unpublished). Cadle's Petition for Panel Rehearing was denied on October 11, 2007.

## II. Analysis

### A. Standard of Review

We apply the same standard of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court.[3] The bankruptcy court's findings of fact are reviewed for clear error; its conclusions of law are reviewed de novo.[4] As "the imposition of sanctions is a matter of discretion for the bankruptcy court," we "review under an abuse of discretion standard."[5] If we were to reach the bankruptcy court's award of attorney's fees, we would review it for abuse of discretion.[6]

### B. Analysis

#### 1. Jurisdiction

We must first address the question of appellate jurisdiction. Although neither party raised the issue on appeal, we are required "'to examine the basis for our jurisdiction, sua sponte, if necessary.'"[7]

Under 28 U.S.C. § 158(d), we have jurisdiction to hear appeals from all "final decisions, judgments, orders, and decrees." We have held that "[w]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not

---

[3] In re Jay, 432 F.3d 323, 325 (5th Cir. 2005).

[4] Carrieri v. Jobs.com Inc., 393 F.3d 508, 517 (5th Cir. 2004).

[5] In re Sandkin, 36 F.3d 473, 475 (5th Cir. 1994).

[6] In re Cahill, 428 F.3d 536, 539 (5th Cir. 2005).

[7] In re Cortez, 457 F.3d 448, 453 (5th Cir. 2006) (quoting In re Chunn, 106 F.3d 1239, 1241 (5th Cir. 1997)).

'final' and therefore not appealable under § 158(d)."[8] Here, the district court remanded the issue of attorney's fees to the bankruptcy court. We must therefore determine whether such a remand requires "significant further proceedings."

To determine what constitutes significant further proceedings, we distinguish between "those remands requiring the bankruptcy court to perform 'judicial functions' and those requiring mere 'ministerial functions.'"[9] If the remand requires the bankruptcy court to perform judicial functions, such as additional fact-finding, it is not a final order and therefore it is not appealable to this court.[10] Remands that involve only ministerial proceedings, "such as the entry of an order by the bankruptcy court in accordance with the district court's decision," are considered final.[11] In some instances, a remand for the calculation of attorney's fees may be considered a ministerial function; however, "a remand requiring such a calculation is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion, or is likely to generate a new appeal or affect the issue that the disappointed party wants to raise on appeal from the order of remand."[12]

In the instant case, the district court remanded the bankruptcy court's order to determine "whether the award [of attorney's fees] is warranted and, if so, whether the amounts requested by Schiro for attorney's fees and expenses are reasonable and necessary." Such an order requires Schiro to submit additional evidence regarding his fees and allows Cadle the right to examine,

---

[8] Id. (internal quotation marks omitted).

[9] Id.

[10] Id.

[11] Id. (internal quotation marks omitted).

[12] In re Pro-Snax Distribs., Inc., 157 F.3d 414, 420 (5th Cir. 1998) (citation omitted).

question, or otherwise argue against the claimed fees and expenses. Cadle may also choose to appeal the bankruptcy court's decision on remand. As the remand order requires the bankruptcy court to perform judicial functions, we do not have jurisdiction to review the award of attorney's fees.

Although we do not have jurisdiction to review the award of attorney's fees, the district court did not remand but affirmed the denial of sanctions, which was the substantive issue on appeal. So, the question remains whether, under § 158(d), the district court's remand of the attorney's fees issue prevents finality of the principal issue, i.e. affirming the order denying sanctions.

The Supreme Court has made clear that "a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."[13] The Court has not addressed finality under § 158(d), but we have indicated that the same rule applies equally to cases appealed under that section.[14] Additionally, both the First and Tenth Circuits have held that appellate jurisdiction is proper under § 158(d), even though the collateral issue of attorney's fees has been remanded to the bankruptcy court.[15]

We are convinced that irrespective of the remand of the issue of attorney's fees, the district court's order affirming the bankruptcy court's denial of sanctions is a final judgment on the merits appealable under § 158(d). The remand order in this case concerns only the collateral issue of attorney's fees; the

---

[13] Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988).

[14] In re Aldus Mktg. Ass'n, 46 F.3d 67, 1995 WL 29344, at *2 (5th Cir. Jan. 20, 1995) (unpublished) ("It is well settled that a decision on the merits is a 'final decision' for purposes of appealability, whether or not there remains for adjudication a request for attorney's fees.").

[15] See In re Johnson, 501 F.3d 1163, 1168 (10th Cir. 2007) (holding that the court had appellate jurisdiction to review the merits of the case because only the collateral issue of attorney's fees remained to be decided on remand to the bankruptcy court); In re Rivera Torres, 432 F.3d 20, 22 (1st Cir. 2005) ("[A] federal district court's decision is final and appealable even if issues regarding attorneys' fees and costs remain to be decided.").

bankruptcy court's decision on remand will not affect the district court's order affirming the denial of sanctions. Such "[a] question remaining to be decided after an order ending litigation on the merits does not prevent finality if its resolution will not alter the order or moot or revise decisions embodied in the order."[16]

2. Merits

Having determined that the district court's remand of the award of attorney's fees does not deprive us of jurisdiction to review the bankruptcy court's denial of sanctions, we turn now to the merits of that ruling. Rule 9011(c)(1)(A) of the Federal Rules of Bankruptcy Procedure states that a "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."[17] "Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11,"[18] therefore, we may refer to Rule 11 jurisprudence when considering sanctions under Rule 9011.[19]

It is undisputed that Cadle failed to serve Schiro with an advance copy of the motion for sanctions prior to filing it with the bankruptcy court, as required by Rule 9011. Nonetheless, Cadle contends that it complied with the mandatory

---

[16] Budinich, 486 U.S. at 199.

[17] (emphasis added).

[18] In re Case, 937 F.2d 1014, 1022 (5th Cir. 1991).

[19] See In re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir. 2002) ("Rule 9011 parallels Federal Rule of Civil Procedure 11 [('Rule 11')] . . . [a]ccordingly, our review of the lower courts' application of Rule 9011 is informed by Rule 11 jurisprudence." (alterations in original) (internal quotation marks omitted)); In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997) ("In deciding cases based on violations of Rule 9011, courts may look to cases that interpret Federal Rule of Civil Procedure 11."); In re Mahendra, 131 F.3d 750, 759 (8th Cir. 1997) ("[C]ases interpreting Rule 11 are applicable to Rule 9011 cases."); In re Chisum, 847 F.2d 597, 599 (9th Cir. 1988) ("[C]ourts considering sanctions under Rule 9011 have relied extensively on cases considering sanctions under FRCP 11.")

notice requirement of the Rule when it sent warning letters to Schiro on April 19, 2005 and June 23, 2005. Cadle urges that such informal notice is sufficient to meet the service requirement because it (1) notified Schiro of the possibility that Cadle would seek sanctions and (2) allowed Schiro the opportunity to change his pleadings prior to Cadle's filing with the court. We disagree.

Compliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11.[20] "[S]uch service [is required] to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention."[21] Although we have not directly addressed whether informal notice is sufficient, several other circuits have addressed the issue in the context of Rule 11 and determined that it is insufficient to comply with the text and spirit of the Rule.

In Roth v. Green, the Tenth Circuit held that warning letters sent to the respondent in advance of filing were insufficient to comply with the service requirement.[22] After analyzing the language of Rule 11 and the Advisory Committee Notes, the court concluded that "warning letters, such as those sent by defendants to [counsel], are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself."[23] The court went on to state:

> The reason for requiring a copy of the motion itself, rather than simply a warning letter, to be served on the allegedly offending party is clear. The safe harbor provisions were intended to "protect[

---

[20] See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995); see also Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000) (affirming denial of sanctions because (1) the defendant failed to serve a copy of the motion on the respondents twenty-one days prior to filing with the court, and (2) the defendant did not file motion until after the trial had concluded).

[21] Elliott, 64 F.3d at 216.

[22] 466 F.3d 1179, 1192-93 (10th Cir. 2006).

[23] Id. at 1192.

] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[e] the withdrawal of papers that violate the rule without involving the district court." Thus, "a failure to comply with them [should] result in the rejection of the motion for sanctions."[24]

The Fourth, Eighth, and Ninth Circuits have all taken a similar approach to interpreting the service requirement of Rule 11.[25]

Cadle cites only one published circuit court decision to support its argument that informal service is sufficient to comply with Rule 9011.[26] In

---

[24] Id. (alterations in original) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722-23 (3d ed. 2004)).

[25] Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 389 (4th Cir. 2004) ("It is clear from the language of the rule that it imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions."); Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001) ("[T]he fact that the plaintiffs had advance warning that Rainbow objected to their conspiracy allegation did not cure Rainbow's failure to comply with the strict procedural requirement of Rule 11(c)(1)(A)."); see also Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1030 (8th Cir. 2003) (denying Rule 11 sanctions because the defendant sent informal letters to the plaintiff instead of a copy of the motion for sanctions).

[26] Cadle cites an unpublished circuit court decision and several district court decisions, none of which are persuasive. Compare Barker v. Bank One, 156 F.3d 1228, 1998 WL 466437, at *2 (6th Cir. 1998) (unpublished) (technical noncompliance allowed because defendants did serve plaintiff motion for sanctions twenty-one days prior to filing with the court and sent the plaintiff warning letters prior to the final judgment in the case) with Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997) (holding that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court"). Compare Cardillo v. Cardillo, 360 F. Supp.2d 402, 419 (D.R.I. 2005) (technical noncompliance did not bar sanctions under Rule 11 because motion to remand contained language regarding request for sanctions) with Carruthers v. Flaum, 450 F. Supp. 2d 288, 306 (S.D.N.Y. 2006) ("The law in this Circuit is clear: the only way to start the 21 day clock running is for a party seeking sanctions to serve a fully supported motion.") and Gal v. Viacom Int'l, Inc., 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock—the rule says nothing about the use of letters."). Compare United States ex rel. Eitel v. Reagan, 35 F. Supp. 2d 1151, 1160 n.7, 1162 (D. Ariz. 1998) (stating that informal letters provided sufficient notice under Rule 11, but denying sanctions on other grounds), aff'd Eitel v. United States, 242 F.3d 381 (9th Cir. 2000)

Nisenbaum v. Milwaukee County, the Seventh Circuit awarded sanctions under Rule 11 even though the defendant had sent the respondent only a "letter" or "demand" and not a copy of the motion for sanctions.[27] In reaching its conclusion, the Seventh Circuit did not address the language of Rule 11, the Advisory Committee Notes to the Rule, or any other Rule 11 jurisprudence. The court simply stated that the "[d]efendants have complied substantially with Rule 11(c)(1)(A) and are entitled to a decision on the merits of their request for sanctions under Rule 11."[28] Because the Seventh Circuit provided little analysis and cited no authority for its holding, the propriety of its holding has been called into doubt on more than one occasion.[29]

We are not persuaded that informal service is sufficient to satisfy the service requirement of Rule 9011. Contrary to the holding in Nisenbaum, the plain language of Rule 9011 mandates that the movant serve the respondent with a copy of the motion before filing it with the court. There is no indication in Rule 9011 (or Rule 11) or in the advisory notes to support Cadle's contention that a motion for sanctions may be filed with the court without serving the respondent with a copy at least twenty-one days in advance. Moreover, we have

---

(unpublished) (no reference to Rule 11 sanctions) with Radcliffe, 254 F.3d at 789 ("[A]lthough a defendant had given informal warnings to the plaintiffs threatening to seek Rule 11 sanctions, these warnings did not satisfy the strict requirement that a motion be served on the opposing party twenty-one days prior to filing.") and Barber v. Miller, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion.").

[27] 333 F.3d 804, 808 (7th Cir. 2003).

[28] Id.

[29] See Roth, 466 F.3d at 1193 ("We find [Nisenbaum] unpersuasive, however, because it contains no analysis of the language of Rule 11(c)(1)(A) or the Advisory Committee Notes, cites to no authority for its holding, and indeed is the only published circuit decision reaching such a conclusion."); Henderson v. Jupiter Aluminum Corp., No. 2:05CV081, 2006 WL 361063, at *6 (N.D. Ind. Feb. 15, 2006) ("Although the plain language of Rule 11(c)(1)(A) appears to require the moving party to serve the motion itself at least twenty-one days before filing it, the Court is bound by Nisenbaum.")

continually held that strict compliance with Rule 11 is mandatory.[30] We may not disregard the plain language of the statute and our prior precedent without evidence of congressional intent to allow "substantial compliance" through informal service.

## III. Conclusion

We hold that the bankruptcy court did not abuse its discretion by denying Cadle's motion for Rule 9011 sanctions because Cadle failed to serve Schiro with a copy of the motion at least twenty-one days prior to filing it with the court. We do not have subject matter jurisdiction to review the bankruptcy court's award of attorney's fees, as that issue was remanded for significant further proceedings. We therefore affirm the denial of sanctions but dismiss the appeal of the issue of attorney's fees for lack of appellate jurisdiction.

AFFIRMED in part; DISMISSED in part.

---

[30] See Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995); In re Pratt, No. 06-10468 (5th Cir. Sept. 13, 2007) (unpublished) (affirming the district court's denial of sanctions when movant failed to serve respondent with a copy of the motion prior to filing it with the court); Tompkins v. Cyr, 202 F.3d 770, 788 (5th Cir. 2000) (affirming denial of sanctions because (1) the defendant failed to serve a copy of the motion on the respondents twenty-one days prior to filing with the court, and (2) the defendant did not file motion until after the trial had concluded).