# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2008

Charles R. Fulbruge III
Clerk

No. 07-10813

In The Matter Of: GADZOOKS INC

      Debtor

WILLIAM KAYE, Liquidating Trustee of the Gadzooks
Liquidating Trust

      Appellee

  v.

HUGHES & LUCE LLP

      Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1900

Before GARZA and DENNIS, Circuit Judges, and MINALDI, District Judge.[*]

PER CURIAM:[**]

In this bankruptcy appeal, we are called to decide whether the bankruptcy court employed the proper standard for calculating attorney's fees. However, because the district court remanded the issue to the bankruptcy court for

---

[*] District Judge of the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

significant further proceedings, we lack jurisdiction to consider this case. Therefore, we DISMISS the appeal.

## Factual and Procedural History

Appellants Hughes & Luce LLP ("H&L") served as counsel for the equity security holder in the bankruptcy proceedings underlying this appeal. When H&L sought attorney's fees, the bankruptcy court calculated these fees according to a "reasonable benefit" test, finding that H&L could be compensated for work that initially appeared beneficial but was proven non-beneficial in hindsight. The bankruptcy trustee appealed this calculation of H&L's fees to the district court, arguing that the bankruptcy courts should have applied a "material benefits" test, which would provide H&L fees only for services that actually benefitted the estate. The district court agreed with the trustee, holding that a "material benefits" test should have been applied; thus, the district court remanded the issue to the bankruptcy court for recalculation of fees. On appeal, H&L challenges the district court's ruling.

## Discussion

Our standard of review is the same as the district court's, we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo; however, before addressing the merits of this case, we must first examine our appellate jurisdiction. See In re Pratt, 524 F.3d 580, 584 (5th Cir. 2008).

"Under 28 U.S.C. § 158(d), we have jurisdiction to hear appeals from all 'final decisions, judgments, orders, and decrees.' We have held that '[w]hen a district court sitting as a court of appeals in bankruptcy remands a case to the bankruptcy court for significant further proceedings, the remand order is not final and therefore not appealable under § 158(d).'" Id. (citing In re Cortez, 457 F.3d 448, 453 (5th Cir.2006)) (internal quotation marks omitted). Thus, because the district court remanded the issue of attorneys' fees to the bankruptcy court,

our jurisdiction over this matter depends on whether that remand requires "significant further proceedings." Id.

We have articulated the test for "significant further proceedings":

> To determine what constitutes significant further proceedings, we distinguish between "those remands requiring the bankruptcy court to perform 'judicial functions' and those requiring mere 'ministerial functions.'" If the remand requires the bankruptcy court to perform judicial functions, such as additional fact-finding, it is not a final order and therefore it is not appealable to this court. Remands that involve only ministerial proceedings, "such as the entry of an order by the bankruptcy court in accordance with the district court's decision," are considered final. In some instances, a remand for the calculation of attorney's fees may be considered a ministerial function; however, "a remand requiring such a calculation is not final if it necessitates further factual development or other significant judicial activity involving the exercise of considerable discretion, or is likely to generate a new appeal or affect the issue that the disappointed party wants to raise on appeal from the order of remand."

Id. at 584-85 (internal citation omitted).

In the instant case, the district court called for significant further proceedings in the bankruptcy court by "revers[ing] the fee award and remand[ing] the action to the bankruptcy court for a reassessment of H&L's fee application." Kaye v. Hughes & Luce, LLP, 2007 WL 2059724 at *1 (N.D. Tex. July 13, 2007) (emphasis added). Further, the district court noted that "because the bankruptcy court did not evaluate H & L's fee application under the material benefit standard, the Court finds that that court should reassess H & L's fee application in the first instance using that standard." Id. at *12 n.5 (emphasis added). Thus, the district court called for a complete re-adjudication of the attorney's fees issue, and such a proceeding, which will likely require further

factual development and is likely to generate a new appeal or affect the issue that the disappointed party wants to raise on appeal, will require the bankruptcy court to perform a judicial function.

In Pratt, we considered a scenario similar to the one at issue here and found a remand for reconsideration of attorney's fees to require a "judicial function" of the bankruptcy court and thus to constitute "significant further proceedings." See Pratt, 524 F.3d at 585. Just as in Pratt, in this case we lack jurisdiction to consider this appeal; accordingly, we DISMISS the appeal.