# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2009

No. 08-31050
Summary Calendar

Charles R. Fulbruge III
Clerk

In the Matter of: NICHOLAS PETER PERICONE

Debtor

----------------------------------------------------------------

NICHOLAS PETER PERICONE

Appellee

v.

DANIEL A SMITH, Trustee

Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 2:07-cv-9686

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this bankruptcy appeal, the trustee contests the district court's order reversing and remanding 1) the bankruptcy court's denial of the debtor's motion to reconsider the appointment of the trustee's law firm as counsel for the trustee, and 2) the bankruptcy court's award of attorneys' fees to the counsel for the trustee. Appellee, the debtor, has filed a motion to dismiss the appeal to this Court for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.

This Court's jurisdiction to review decisions of the district court on bankruptcy matters is defined by 28 U.S.C. § 158, under which we hear appeals from all "final decisions, judgments, orders, and decrees." Interpreting finality in this context, we have held: "To determine whether a remand by a district court really signals the end of the game, we must follow a two step inquiry. First, we must ask whether the order of the bankruptcy court itself is final in character, and second, if it is, we must ask if the remand by the district court requires extensive further proceedings. The answer to the first question must be in the affirmative while the answer to the second question must be in the negative."[1]

Regarding the district court's remand on the issue of the appointment of counsel for the trustee, we have held that such an order of a bankruptcy court is not final.[2] Thus, this Court does not have jurisdiction to hear the appeal from the district court's decision to remand the issue to the bankruptcy court.

Similarly, we have held that a district court's remand to a bankruptcy court to determine whether attorneys' fees were warranted and if so, in what amount, requires the bankruptcy court to perform "significant further proceedings."[3] Thus, we lack jurisdiction to consider the district court's remand of the award of attorneys' fees.

The motion to dismiss the appeal for lack of jurisdiction is GRANTED. Appellee's motion for costs and damages is DENIED.

---

[1] *In re Greene County Hospital*, 835 F.2d 589, 595 (5th Cir. 1988) (internal citations omitted).

[2] *See In re Delta Services Indus., Etc.,* 782 F.2d 1267, 1272 (5th Cir. 1986); *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992).

[3] *See In re Pratt,* 524 F.3d 580, 584 (5th Cir. 2008); *In re Gadzooks Inc.*, 291 F. App'x 652 (5th Cir. 2008).

2