IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Nola W. Allred, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff/Counter-claim | ) | Case No. 20120621-CA |
| Defendant and Appellee, | ) | |
| | ) | |
| | ) | F I L E D |
| v. | ) | (December 13, 2012) |
| | ) | |
| Bruce C. Edwards, | ) | 2012 UT App 355 |
| | ) | |
| Defendant/Counter-claim | ) | |
| Plaintiff and Appellant, | ) | |

-----

Second District, Ogden Department, 100904754
The Honorable Michael D. DiReda

Attorneys:     Bruce C. Edwards, Ogden, Appellant Pro Se
                    M. Darin Hammond and Dana T. Farmer, Ogden, for Appellee

-----

Before Judges Davis, McHugh, and Voros.

¶1     Bruce C. Edwards appeals from the district court's June 6, 2012 Second
Augmented Judgment. This matter is before the court on Nola W. Allred's motion to
dismiss the appeal due to mootness. Edwards did not file a response to the motion.

¶2     Allred obtained an initial judgment against Edwards on March 30, 2011;
however, the judgment reserved the issue of attorney fees for future consideration.
Before the attorney fee issue was resolved, Edwards filed bankruptcy. Allred eventually
requested relief from the stay to pursue her claim for attorney fees. The bankruptcy
court granted the request. The district court issued an augmented judgment
encompassing attorney fees on June 6, 2012. Edwards timely filed a notice of appeal

after entry of this final order. However, subsequent events have mooted the issues Edwards presents in his appeal.

¶3     On June 26, 2012, the bankruptcy court ruled that Allred could recover the full amount of her judgment against Edwards, including attorney fees. To that end the bankruptcy court entered an order: (1) granting Allred's claim of attorney fees; (2) allowing Allred's proof of claim in the amount of $76,329.60; and (3) directing the Trustee to pay that amount to Allred. On June 28, 2012, the Trustee made the required payment to Allred. This order ended the adversarial proceeding between Allred and Edwards, and as such, constituted a final, appealable order. *See In re Chunn*, 104 F.3d 1239, 1241 (5th Cir. 1997) (stating that in bankruptcy cases, finality is contingent upon the conclusion of an adversarial proceeding instead of the conclusion of the entire bankruptcy litigation). Edwards did not timely appeal the bankruptcy court's order.

¶4     Generally, "[a]n appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Franklin Financial v. New Empire Development Co.*, 659 P.2d 1040, 1043 (Utah 1983). This court cannot provide Edwards the relief he requests because the bankruptcy court has already allowed Allred's proof of claim and ordered the amount paid to Allred. The Trustee has since paid the full amount of the claim. The bankruptcy court's order is now final and cannot be altered due to Edwards's failure to appeal that order. Thus, even if this court were to conclude that the attorney fee award was in some way improper, our ruling could not affect the rights of the parties because the bankruptcy court's order, over which this court has no jurisdiction, remains in full force and effect.

¶5     Accordingly, because the issues raised in this appeal are moot, the appeal is dismissed.


_____
James Z. Davis, Judge


_____
Carolyn B. McHugh, Judge


_____
J. Frederic Voros Jr., Judge