# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 7, 2013

No. 12-30707
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: GEORGE TIMOTHY ELLIOTT,

Debtor.

_____

GEORGE TIMOTHY ELLIOTT,

Appellant,

v.

MARK K. SUTTON, Trustee,

Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-514

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

George Timothy Elliott appeals the judgment of the District Court for the Western District of Louisiana affirming the bankruptcy court's denial of his motion to dismiss his Chapter 13 bankruptcy case and subsequent conversion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30707

of his case to a case under Chapter 7. Because the bankruptcy court committed no reversible error, we affirm.

Elliott filed for Chapter 13 bankruptcy on August 11, 2011. At the confirmation hearing for Elliott's bankruptcy plan on November 3, 2011, the bankruptcy court heard testimony from Elliott and denied confirmation, citing numerous misrepresentations in the forms contained in his bankruptcy petition. On November 16, 2011, the bankruptcy court sua sponte entered an order to appear and show cause why the case should not be dismissed or converted to a Chapter 7 case under 11 U.S.C. § 1307. On November 28, 2011, Elliott filed a motion to dismiss his case under § 1307(b), which the bankruptcy court denied the following day. At the hearing on its order to show cause on January 12, 2012, the bankruptcy court found that Elliott had filed his petition in bad faith and converted his case. Elliott subsequently appealed to the district court, which affirmed. This appeal followed.

"We apply the same standard of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court."[1] We review the bankruptcy court's factual findings, including its finding of bad faith,[2] for clear error and its conclusions of law de novo.[3] Finally, we review the bankruptcy court's decision to deny a motion to dismiss a Chapter 13 case and to convert the case into a Chapter 7 case for abuse of discretion.[4]

---

[1] *The Cadle Co. v. Pratt* (*In re Pratt*), 524 F.3d 580, 584 (5th Cir. 2008) (citing *Nesco Acceptance Corp. v. Jay* (*In re Jay*), 432 F.3d 323, 325 (5th Cir. 2005)).

[2] *Jacobsen v. Moser* (*In re Jacobsen*), 609 F.3d 647, 652 (5th Cir. 2010) (citing *Humble Place Joint Venture v. Fory* (*In re Humble Place Joint Venture*), 936 F.2d 814, 816 (5th Cir. 1991)).

[3] *Pratt*, 524 F.3d at 584 (citing *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 517 (5th Cir. 2004)).

[4] *Jacobsen*, 609 F.3d at 660, 662.

2

No. 12-30707

Elliott first briefly argues that our precedent establishing the bad-faith exception to § 1307(b), *Jacobsen v. Moser* (*In re Jacobsen*),[5] does not govern this case. On its face, § 1307(b) of the Code gives the debtor an unqualified right to dismiss his bankruptcy case at any time.[6] Nevertheless, in *Jacobsen*, this circuit held that "a bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested dismissal under § 1307(b)."[7] In so doing, we "decline[d] to read § 1307(b) as an 'escape hatch' from which to escape a conversion motion filed under § 1307(c)."[8] Our holding was a logical extension of the Supreme Court's decision in *Marrama v. Citizens Bank of Massachusetts*,[9] which identified a bad-faith exception in a provision that seemingly created an unqualified right to convert a case from Chapter 7.[10]

Elliott initially contends that *Jacobsen* does not apply here since no party filed a motion to convert in the bankruptcy court. In making this argument, Elliott fails to recognize that the bankruptcy court on its own motion entered an order to show cause why the case should not be dismissed or converted under § 1307(c). Elliott also asserts that the bankruptcy court was without authority to invoke § 1307(c) sua sponte. This argument lacks merit.[11] In short, Elliott

---

[5] 609 F.3d 647.

[6] 11 U.S.C. § 1307(b) ("On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.").

[7] *Jacobsen*, 609 F.3d at 660.

[8] *Id.* at 661 (citation omitted).

[9] 549 U.S. 365 (2007).

[10] *Marrama*, 549 U.S. at 374-75.

[11] *See* 11 U.S.C. § 105(a) ("No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any

3

No. 12-30707

filed his motion to dismiss only after the bankruptcy court threatened conversion. This case therefore is on all fours with *Jacobsen*.

Elliott next challenges the bankruptcy court's factual finding that he acted in bad faith and, by implication, the court's decision to deny his motion to dismiss and convert his case. In reviewing the bankruptcy court's finding of bad faith for clear error, "[o]ur role is not to weigh the evidence ourselves but merely to determine whether the lower court's account is 'plausible in light of the record viewed in its entirety.'"[12] We will not reverse unless, viewing the record as a whole, we are "left with the definite and firm conviction that a mistake has been committed."[13] "Clear error review is 'especially rigorous' when we review a lower court's assessment of trial testimony, 'because the trier of fact has seen and judged the witnesses.'"[14]

After reviewing the record in its entirety, we cannot say that the bankruptcy court's bad-faith finding was clearly erroneous. In *Jacobsen*, this court upheld a bankruptcy court's finding of bad faith when the debtor possessed assets and made transfers that were not disclosed in his schedules and

---

action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); *Hammers v. IRS* (*In re Hammers*), 988 F.2d 32, 34-35 (5th Cir. 1993) (upholding a sua sponte dismissal under § 1307(c) where the debtor was ineligible for Chapter 13 relief); *see also Rosson v. Fitzgerald* (*In re Rosson*), 545 F.3d 764, 771 n.8 (9th Cir. 2008) ("Although the statute provides for conversion 'on request of a party . . . or the . . . trustee,' there is no doubt that the bankruptcy court may also convert on its own motion." (alterations in original) (citation omitted)).

[12] *Jacobsen*, 609 F.3d at 662 (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

[13] *Becker v. Tidewater, Inc.*, 586 F.3d 358, 367 (5th Cir. 2009) (internal quotation marks omitted).

[14] *Valley Educ. Found., Inc. v. Eldercare Props. Ltd.* (*In re Eldercare Props. Ltd.*), 568 F.3d 506, 515 (5th Cir. 2009) (quoting *United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992)).

4

statement of financial affairs.[15] In the instant case, Elliott's testimony in the bankruptcy court revealed that his schedules, statement of financial affairs, and statement of current monthly income contained a large number of similar misrepresentations. In pertinent part, his testimony revealed that these forms (1) misrepresented his own income, (2) misrepresented his marital status, (3) failed to disclose his wife's income, (4) misrepresented his household size, (5) failed to disclose information regarding his prior business interest, (6) failed to disclose information regarding his current business interest, and (7) failed to disclose that he had an accountant who kept his books and records. Although we are mindful of Elliott's assertion that these misstatements were innocent mistakes, the bankruptcy court's finding of bad faith is plausible on this record.

Given the breadth of Elliott's misrepresentations, we also hold that the bankruptcy court did not abuse its discretion in denying Elliott's motion to dismiss and converting the case to a case under Chapter 7. As Elliott points out, both *Marrama* and *Jacobsen* suggested that bankruptcy courts may invoke the bad-faith exceptions to § 706 and § 1307(b), respectively, only if the debtor's bad faith is somehow "atypical" or "extraordinary."[16] Elliott's conduct meets this standard. Indeed, the bankruptcy court found that "the level of [Elliott's] deceit here is just virtually unprecedented" and even referred the case to the U.S. Attorney for investigation. Given the evidence before it, the bankruptcy court did not abuse its discretion in denying Elliott's motion to dismiss and converting his case.

\* \* \*

AFFIRMED.

---

[15] *Jacobsen*, 609 F.3d at 662.

[16] *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 n.11 (2007); *Jacobsen*, 609 F.3d at 662.