# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20531
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 1, 2018
Lyle W. Cayce
Clerk

DANIEL ASKINS,

      Plaintiff - Appellant

v.

JEFFREY B. HAGOPIAN,

      Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1370

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Daniel Askins filed this lawsuit against Jeffrey Hagopian in the United States District Court for the Southern District of Texas on May 13, 2016, claiming Hagopian made defamatory statements about him and tortiously interfered with his contract with Noble Drilling LLC. Hagopian's counsel sent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20531

an e-mail to Askins' counsel on July 22, stating that the lawsuit was "frivolous and vexatious."

The lawsuit proceeded to trial on July 10, 2017. After Askins completed his presentation of evidence, Hagopian moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). The district court granted the motion and entered a final judgment on July 26.

Hagopian then filed a motion for sanctions pursuant to Rule 11 on August 3, requesting that the district court order Askins to pay the attorney's fees and costs Hagopian incurred defending a frivolous lawsuit. On August 22, the district court, finding that "Askins' lawsuit was frivolously and vexatiously brought," granted Hagopian's motion and entered judgment in the amount of $50,000 against Askins and in favor of Hagopian. That same day, Hagopian filed his bill of costs with the district court. Askins objected to the bill of costs, but the district court overruled his objections.

Askins has appealed the order granting Hagopian's Rule 11 motion for sanctions and the order awarding costs to Hagopian. We will first address the Rule 11 order and then turn to the award of costs.

"Rule 11 sanctions are reviewed only for an abuse of discretion[.]" *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003). "For this deferential review, the 'district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law[.]'" *Id.* at 803 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)).

Under Rule 11's "safe harbor" provision, "a motion for sanctions may not be filed until at least 21 days after service on the offending party." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). "[W]e have continually held that strict compliance with Rule 11 is mandatory." *In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008) (collecting cases). A party's failure to comply with the safe

No. 17-20531

harbor provision generally precludes a district court from granting the party's motion for sanctions under Rule 11. *See Elliott*, 64 F.3d at 216.

Askins contends that the district court abused its discretion by granting Hagopian's Rule 11 motion for sanctions because Hagopian failed to comply with Rule 11's safe harbor provision. Hagopian does not dispute that he did not comply with the provision.

Hagopian argues that we cannot address the Rule 11 issue because "Askins did not properly request the entire record for this court to review on appeal[.]" Hagopian asserts that it is unclear from the record before us whether the district court imposed sanctions *sua sponte* or based on his motion. We disagree. It is clear from the record that the district court imposed sanctions against Askins based on Hagopian's motion for sanctions.

The record also indicates that Hagopian served Askins' counsel with a copy of the Rule 11 motion on the day he filed the motion with the district court. Thus, he failed to comply with the safe harbor provision. *See, e.g.*, *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). Moreover, although Hagopian's counsel sent an e-mail stating that the lawsuit was "frivolous and vexatious" to Askins' counsel nearly a year before filing the motion, this e-mail was insufficient to comply with the safe harbor provision. As we have stated previously, "[t]here is no indication in . . . Rule 11 . . . or in the advisory notes to support [the] contention that a motion for sanctions may be filed with the court without serving the respondent with a *copy* at least twenty-one days in advance." *In re Pratt*, 524 F.3d at 588 (emphasis added). "[S]trict compliance with Rule 11 is mandatory." *Id.* The district court's order granting Hagopian's motion for sanctions against Askins cannot be upheld because Hagopian failed to comply with Rule 11's safe harbor provision. *See Elliott*, 64 F.3d at 216. We reverse the district court's imposition of sanctions. *See id.* at 217.

3

No. 17-20531

We now turn to whether the district court abused its discretion in awarding costs to Hagopian. "Only when a clear abuse of discretion is shown can an award of cost be overturned." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Askins argues the district court abused its discretion in awarding costs to Hagopian because Hagopian untimely filed his bill of costs. Hagopian does not dispute that he did not timely file his bill of costs. Instead, Hagopian argues that we should not overturn the award of costs because Askins has not cited any authority for his contention. Hagopian also asserts that we cannot review this issue because the bill of costs reflected in the record is blank.

Local Rule 54.2 for the Southern District of Texas provides that "[a]n application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment." S.D. Tex. Loc. R. 54.2. We have vacated an award of costs when the movants failed to file with the district court their bill of costs within the timeframe mandated by the local rule. *See Quarles v. Oxford Mun. Separate Sch. Dist.*, 868 F.2d 750, 758 (5th Cir. 1989).

The record sufficiently establishes that Hagopian filed a bill of costs for $3,482.49 and that the district court overruled Askins' objections to it. The district court entered its final judgment on July 26, 2017. Under Local Rule 54.2, Hagopian had until August 9 to file his bill of costs. Hagopian did not make that filing until August 22. Because Hagopian failed to file a timely bill of costs, we vacate the order by the district court awarding costs to him. *See, e.g., Quarles*, 868 F.2d at 758.

REVERSED in part; VACATED in part.

4