In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 18-3342

JOSEPH S. MCGREAL,

*Plaintiff,*

*v.*

VILLAGE OF ORLAND PARK, *et al.,*

*Defendants-Appellees,*

APPEAL OF:

JOHN P. DEROSE, Counsel for the Plaintiff,

*Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 5135 — **Joan Humphrey Lefkow**, *Judge.*

———————————

ARGUED MAY 29, 2019 — DECIDED JUNE 26, 2019

———————————

Before KANNE, SYKES, and BRENNAN, *Circuit Judges.*

KANNE, *Circuit Judge.* The Village of Orland Park fired po-
lice officer Joseph McGreal in 2010. McGreal sued, alleging
that the Village fired him in retaliation for remarks he made

at a community board meeting. The district court granted summary judgment for the defendants, finding that McGreal had advanced only speculation to support his claims. We affirmed and also remarked on the dearth of evidence to support McGreal's allegations.

After we affirmed summary judgment, the district court granted the defendants' motion for attorney fees and directed John P. DeRose—McGreal's attorney—to pay $66,191.75 to the defendants. DeRose now appeals that order. Because the district court did not abuse its discretion, we affirm.

## I. BACKGROUND

Our 2017 opinion provides a summary of McGreal's suit. *See McGreal v. Vill. of Orland Park*, 850 F.3d 308, 310 (7th Cir. 2017). Suffice to say, the Village of Orland Park fired McGreal from the police force after he spoke at a November 2009 village board meeting. At the meeting, he suggested several solutions to a budgetary shortfall facing the Village. McGreal's recommendations would have protected junior officers from layoffs by eliminating benefits enjoyed by more senior officers. McGreal believes that these suggestions motivated his June 2010 termination. But the Village contends that it fired McGreal because he repeatedly engaged in misconduct during late 2009 and early 2010.

McGreal contested his termination through arbitration. The arbitrator sustained 75 of the 76 disciplinary charges in McGreal's record and concluded that the Village fired McGreal for just cause.

In June of 2012, McGreal commenced a federal lawsuit, *pro se*, against the Village and several members of the police department. On October 19, 2012, attorney John DeRose

appeared as plaintiff's counsel. He promptly filed an amended complaint on McGreal's behalf. After the defendants filed a motion to dismiss, the court dismissed most claims but permitted several (significantly narrowed) claims to proceed.

DeRose aggressively pursued discovery: he took twelve depositions, made 294 document requests, and filed three motions to compel. During discovery, defense counsel asked DeRose on multiple occasions to end the litigation. On February 3, 2014, defense counsel sent DeRose an email requesting dismissal of several individual defendants because discovery had revealed no evidence to support the claims against them. Then in July 2014, defense counsel sent DeRose a letter advancing similar arguments. Defense counsel threatened Rule 11 sanctions in both communications.

After discovery, McGreal voluntarily dismissed six defendants but defended against summary judgment on the remaining four defendants. The district court granted judgment for defendants. The court began by noting that DeRose's summary judgment filings did not comply with Northern District of Illinois Local Rule 56.1 (which provides guidelines for submitting a statement of facts at summary judgment). "[T]he motion could have been granted by simply rejecting plaintiff's Local Rule 56.1 submissions," but the court opted to resolve the summary judgment motion on its merits. The court explained that the defendants had offered evidence to support their theories of defense, and McGreal's arguments and evidence to the contrary were speculative.

On June 6, 2016, McGreal appealed. Several weeks later, the defendants filed a motion for attorney fees. The defendants spent most of the motion arguing that the court should

award fees under the 42 U.S.C. § 1988 fee-shifting provision. They also argued that the court should sanction DeRose pursuant to Federal Rule of Civil Procedure 11.

On March 6, 2017, we affirmed the judgment for the defendants. 850 F.3d 308. Like the district court, we found that McGreal had "offered no admissible evidence showing that he [was] entitled to relief." *Id.* at 310. Several months later, the district court granted the defendants' motion for fees. Instead of relying on § 1988 fee-shifting, the court concluded that "under Rule 11, McGreal's counsel's summary judgment filings were not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Ultimately, the court ordered DeRose to pay $66,191.75 in fees (the amount defendants incurred in preparing their Rule 11 letters, seeking summary judgment, and requesting attorney fees). DeRose promptly appealed.

## II. ANALYSIS

We review the imposition of Rule 11 sanctions for abuse of discretion. *N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 883 (7th Cir. 2017). "An abuse of discretion may be established if the district court based its decision on an erroneous view of the law or a clearly erroneous evaluation of evidence." *Id.* Rule 11 requires attorneys to certify that every court filing advances arguments warranted by existing law or a nonfrivolous argument for extending the law. Fed. R. Civ. P. 11(b)(2). Similarly, the factual contentions attorneys advance must have evidentiary support or be likely to have evidentiary support after a reasonable opportunity for further investigation. *Id.* at 11(b)(3).

In his brief on appeal, DeRose first argues that the defendants did not follow the Rule 11 procedures for seeking sanctions. Specifically, Rule 11(c)(2) specifies that a party may file a "motion for sanctions," "but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." In other words, Rule 11(c)(2) creates a safe-harbor. The moving party must serve the motion on the alleged violator and permit twenty-one days to remedy the violation.

DeRose correctly notes that defense counsel never served him with a motion before seeking sanctions. Rather, they sent him letters and emails raising their concerns and threatening sanctions. A letter is not a motion, and, under the law of eight circuits, these informal communications would not satisfy the Rule 11(c)(2) requirements. *See Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 768 (6th Cir. 2014) (explaining that the Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Circuits all require strict compliance). The Seventh Circuit, however, interprets Rule 11(c)(2) differently.

In *Nisenbaum v. Milwaukee Cty.*, we held that the defendants "complied substantially" with Rule 11(c) when they sent opposing counsel "a 'letter' or 'demand' rather than a 'motion.'" 333 F.3d 804, 808 (7th Cir. 2003). We are the sole circuit to adopt this "substantial compliance" theory, and other circuits have subsequently criticized our analysis as cursory and atextual. *See, e.g., In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[T]he Seventh Circuit provided little analysis and cited no authority for its holding."); *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (similar); *see also Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (indicating that, if properly raised,

mandatory claim-processing rules are "unalterable" (citation omitted)); *In re Wade*, No. 18-2564, 2019 WL 2482413, at *3 (7th Cir. June 14, 2019) (applying *Manrique* to claim-processing rules in bankruptcy cases).

DeRose's argument that the defendants should have served him with their Rule 11 motion—not just emails and letters—is directly foreclosed by our holding in *Nisenbaum*. And DeRose does not ask us to overrule *Nisenbaum*—he repeatedly disavowed that argument at oral argument. Even if DeRose did advance this argument, he's waived it. He didn't argue before the district court that the defendants failed to comply with Rule 11(c)(2) until his motion for reconsideration of the order imposing sanctions. *Laserage Tech. Corp. v. Laserage Labs., Inc.*, 972 F.2d 799, 804 (7th Cir. 1992) (explaining that raising issues or arguments for the first time in a motion for reconsideration do not preserve them for appeal) (citing *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986))). Accordingly, we leave any reconsideration of *Nisenbaum* for another day. *See also N. Ill. Telecom, Inc.*, 850 F.3d at 887–88.

DeRose also argues that the district court abused its discretion because he agreed to represent McGreal in good faith and after careful consideration. That argument is inadequate for two reasons. First, the district court sanctioned DeRose for his decision to defend against summary judgment. The court didn't question DeRose's decision to represent McGreal or seek discovery. The sanctionable behavior was DeRose's decision to continue litigating after discovery revealed no evidence to support McGreal's claims.

Second, "Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head

but a pure heart is no defense." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986). The test is objective. An attorney cannot avoid sanctions by claiming subjective good faith if a reasonable inquiry into the facts and law would have revealed the frivolity of the position. *Cuna Mut. Ins. Soc. v. Office & Prof'l Emp. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006); *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993).

In other words, DeRose's duty to conduct a reasonable investigation into the law and facts supporting McGreal's claims did not end after he chose to represent McGreal. That duty renews at each stage of the litigation, including summary judgment. In fact, the duty compounds. An attorney might reasonably believe that discovery will reveal evidentiary support. After discovery, an attorney may proceed only if that hypothetical evidence has materialized.

And the district court did not abuse its discretion when it found that DeRose violated Rule 11 by opposing summary judgment. The district court found that McGreal lacked evidence to support at least one element of each claim. And we agreed, finding that McGreal hadn't produced *any* admissible evidence on the claims he appealed. 850 F.3d at 310.

DeRose didn't just disregard the complete lack of evidence. The district court found that DeRose's "responses to defendants' statements of material facts were laden with disingenuous and misleading statements." And, as already mentioned, DeRose's statement of facts did not comply with the Local Rule 56.1 standards.[1] Viewed in totality, DeRose's

---

[1] That failure is particularly difficult to understand because the district court, in its standing order, directs counsel to read *Malec v. Sanford*, 191

summary judgment submissions fell short of the Rule 11 requirements. The district court did not abuse its discretion by imposing sanctions.

### III. CONCLUSION

Attorneys must satisfy Rule 11's requirements during the entire pendency of the litigation. Discovery revealed an utter lack of evidentiary support for McGreal's claims, but DeRose defended against summary judgment anyway. Accordingly, we AFFIRM the district court's sanctions against DeRose.

---

F.R.D. 581 (N.D. Ill. 2000), before submitting statements of fact under Local Rule 56.1. And the court in *Malec* admonished DeRose *himself* for failure to comply with the same local rule. *Id.* at 582–87.