By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b).  See also 6th Cir. BAP LBR 8014-1(c).

File Name: 20b0009n.06

# BANKRUPTCY APPELLATE PANEL

### OF THE SIXTH CIRCUIT

_____

IN RE:  WILLIAM HAROLD THOMAS, JR.,

                                      *Debtor*.

_____

WILLIAM HAROLD THOMAS, JR.,

                                 *Appellant*,

    *v*.

OFFICE OF THE TENNESSEE ATTORNEY GENERAL;
MICHAEL WILLEY, Senior Assistant Attorney General,

                                 *Appellees*.

No. 20-8002

_____

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
No. 2:16-bk-27850—Jennie D. Latta, Judge.

Decided and Filed:  November 23, 2020

Before: BUCHANAN, MASHBURN, and PRICE SMITH, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  William H. Thomas, Jr., Memphis, Tennessee, in pro per.  Stuart F. Wilson-Patton, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees.

---

**OPINION**

---

RANDAL S. MASHBURN, Bankruptcy Appellate Panel Judge. Debtor-Appellant William H. Thomas, Jr.'s pursuit of a "Rule 11" motion backfired when the Bankruptcy Court determined that it was the Debtor himself who should be sanctioned for filing the motion. The Bankruptcy Court found that the motion failed to comply with the procedural "safe harbor" requirements of Federal Rule of Bankruptcy Procedure 9011, but then also considered the motion on substantive grounds. For the reasons stated, we affirm based on procedure alone.

## ISSUES ON APPEAL

The Debtor stated six issues on appeal, including, among others, whether the Bankruptcy Court erred in concluding that (i) the Debtor lacked standing due to the appointment of a Chapter 11 trustee and (ii) the Debtor's motion lacked merit. The Debtor also questioned whether the Bankruptcy Court properly awarded sanctions to the opposing party, the Office of the Tennessee Attorney General, and properly awarded such sanctions without conducting a hearing. Significantly, the Debtor did not appeal the Bankruptcy Court's denial of the Debtor's motion for failure to comply fully with the procedural requirements of Rule 9011.

Because the Panel finds the procedural grounds to be both threshold and dispositive in this case, this opinion addresses only whether the Bankruptcy Court abused its discretion in (i) denying the Debtor's motion for sanctions for failure to comply with Rule 9011 procedural requirements, (ii) awarding sanctions against the Debtor, and (iii) doing so without conducting a hearing. The Panel declines to review the Bankruptcy Court's decisions as to the Debtor's standing and the merits of the Debtor's arguments.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit (the "Panel") has jurisdiction to decide this appeal. The United States District Court for the Western District of Tennessee has authorized appeals to the Panel, and no party elected to have this appeal heard by the district

court.  28 U.S.C. § 158(b)(6), (c)(1).  Final orders of the bankruptcy court are appealable as of right.  28 U.S.C. § 158(a)(1).  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)).  The Panel recently recognized that bankruptcy court orders imposing sanctions under Rule 9011 are final, appealable orders.  *In re Lane*, 604 B.R. 23, 27 (B.A.P. 6th Cir. 2019).  Such orders do not become final until assessment of any fees and expenses.  *Id.* (citing *Hoover v. Jones* (*In re Jones*), 546 B.R. 12, 15 (B.A.P. 6th Cir. 2016)).

In this case, the Debtor filed his notice of appeal on March 3, 2020, six days after entry of the Bankruptcy Court's Order Denying "Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Civil Procedure Against the Office of the Tennessee Attorney General Including Michael Willey" on February 26, 2020 ("Order Denying Motion for Sanctions"), but before the entry of a supplemental Order Granting Award of Attorney Fees to Tennessee Attorney General's Office on May 29, 2020 ("Order Awarding Fees").  (Order Denying Motion for Sanctions, Bankr. Case No. 16-27850, ECF No. 854; Order Awarding Fees, ECF No. 1140).  Despite being premature, the Debtor's notice of appeal is valid pursuant to Rule 8002(a), which treats notices of appeal filed after announcement of a decision or order but before entry of the order as having been filed "on the date of and after the entry."  Fed. R. Bankr. P. 8002(a).  The premature notice of appeal is considered "suspended" until entry of the final order and "ripened" upon such entry.  *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 460–61 (6th Cir. 1999).  Jurisdiction vested in the Panel upon the final disposition by the Bankruptcy Court on May 29, 2020.  *See id.*

In this case, the Bankruptcy Court included in the Order Denying Motion for Sanctions an award to the Attorney General of the attorney's fees and expenses it incurred in opposing the Debtor's Motion and left only the determination of the amount for a later date.  Since the Debtor timely appealed the Order Denying Motion for Sanctions, the Panel may consider issues relating to the award of sanctions generally.  The Debtor would need to file a new notice of appeal after entry of the Order Awarding Fees only if he appealed an issue particular to that order or if that

order altered or amended the Order Denying Motion for Sanctions.  *See Markowitz*, 190 F.3d at 460.  Such is not the case.

The Panel reviews orders awarding sanctions for an abuse of discretion by the bankruptcy court.  *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010); *Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 480–81 (6th Cir. 1996) (adopting the abuse of discretion standard for review of Rule 9011 decisions).  An abuse of discretion may be found when the Panel has a "definite and firm conviction that the [court below] committed a clear error of judgment."  *Mayor of Baltimore v. West Virginia* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (citations omitted).  A court "abuse[s] its discretion if it base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461 (1990).  In conducting its review, the Panel does not substitute its judgment for that of the bankruptcy court. *See Eagle-Picher*, 285 F.3d at 529.  Instead, the Panel asks "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion."  *Id.* (quoting *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000)).

The Panel reviews any findings of fact for clear error and conclusions of law de novo. *Wingerter*, 594 F.3d at 935–36.

**FACTS**

The Debtor commenced his Chapter 11 bankruptcy case in 2016, and in late 2018 a creditor moved for the appointment of Chapter 11 trustee.  The Tennessee Department of Transportation ("TDOT"), represented by the Office of the Tennessee Attorney General, and specifically Michael Willey (collectively, the "Attorney General"), filed a notice of joinder, as did another creditor.  The Bankruptcy Court granted the motion in January 2019, and promptly approved the appointment of Michael Collins as Chapter 11 Trustee.  The Debtor appealed the Bankruptcy Court's order and filed a motion to stay the order pending appeal, which the Bankruptcy Court denied.

One year later, on January 20, 2020, the Debtor filed a motion titled Motion for Sanctions Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Civil Procedure Against the Office of the Tennessee Attorney General Including Michael Willey ("Motion for Sanctions" or "Motion"). (Motion, Bankr. Case No. 16-27850, ECF No. 787). The Debtor certified that he served the Motion through the Bankruptcy Court's electronic filing and noticing system.

The Debtor's Motion largely consists of his reference to and description of four attachments: (i) a December 9, 2019 letter from the Debtor to Mr. Willey in which the Debtor states that he intended the letter to comply with Rule 9011 notice requirements before the Debtor proceeded with filing a motion for sanctions; (ii) a December 20, 2019 response letter from Mr. Willey; (iii) a pleading filed by Mr. Willey for the Attorney General on behalf of TDOT on January 9, 2020; and (iv) a January 17, 2020 letter from the Debtor to Mr. Willey that makes no mention of Rule 9011.

Aside from the attachments, the Debtor made two conclusory statements in the Motion. First, he contended that Mr. Willey has "file[d] pleadings, motions and other papers that were improper and submitted in order to harass and cause delay and increase the cost of litigation without necessary support required by 9011(b)(2)(3) and (4)." (Motion at 1). Second, the Debtor contended that the January 9, 2020 pleading "contained numerous other erroneous conclusions of law and statements of fact which have been outlined by Debtor in a letter dated January 17, 2020." (*Id*. at 2). In the Motion, the Debtor quoted two paragraphs from the January 9, 2020 pleading for the initial allegedly erroneous conclusion of law or statement of fact but did not explain the error. The Debtor included no facts or argument in the Motion itself to support his conclusions. Instead, the Debtor relied entirely on letter attachments both for the substance of his arguments and for compliance with the notice requirement of Rule 9011. Debtor purported to have sent both letters by email.

Finally, the Debtor requested a hearing "to determine what corrective actions are required and whether any sanctions should be granted." (*Id*. at 3). The Debtor signed his Motion as "Pro se Attorney," and provided his Tennessee attorney license number.

The Attorney General filed a written Objection to the Debtor's Motion. (Obj., Bankr. Case No. 16-27850, ECF No. 840). The Attorney General argued that the Debtor lacked standing because a Chapter 11 trustee had been appointed and the trustee had not authorized, joined or indicated support for the Motion. The Attorney General objected that the Debtor had not served the Motion in advance, but instead relied on a "letter threatening a motion for sanctions" (*id*. at 5), and, further, had not served the Motion in accordance with Rule 7004. The Attorney General objected to the Debtor seeking Rule 9011 sanctions related to, among other things, discovery matters expressly excluded from the scope of the Rule. The Attorney General also complained about the lack of specificity to the Debtor's arguments: "He leaves it to this Court and to the Attorney General to ferret out what the offending representations were." (*Id*. at 2). Notwithstanding, the Attorney General summarized what it believed to be the Debtor's arguments and, in response, denied that any of its representations violated Rule 9011.

The Bankruptcy Court entered the Order Denying Motion for Sanctions on February 26, 2020 without conducting a hearing. Without discussion, the Bankruptcy Court agreed with the Attorney General that the Debtor lacked standing to bring his motion because the "Trustee in Bankruptcy has the right to sue and be sued as representative of the estate," citing 11 U.S.C. § 323(b). (Order Denying Motion for Sanctions at 2).

The Bankruptcy Court then noted that, according to the Debtor's assertion, the Debtor gave notice of his intent to file a motion for sanctions by his December 9, 2019 letter. The Bankruptcy Court found that the "Debtor did not serve his motion as required by Rules 9011 and 7004." (*Id.* at 5). The Debtor does not challenge these findings on appeal.

The Bankruptcy Court further found that the Debtor's motion lacked the specificity required by Rule 9011:

> Federal Rule of Bankruptcy Procedure 9011 gives explicit instructions concerning how a motion for sanctions may be initiated. Specifically, it requires that the motion "describe the specific conduct alleged to violate subdivision (b)." The motion does not do this. The motion itself does not contain references to any specific pleading, motion, or other paper the Debtor finds objectionable. The Attorney General rather graciously identified four items raised in the December 9, 2019 letter. It is not up to the Attorney General or the court to infer the Debtor's

intent from exhibits attached to his motion. It is up to the Debtor to fully comply
with Rule 9011.

(*Id*. at 3). Notwithstanding the procedural deficiencies, the Bankruptcy Court addressed "each of
the Debtor's concerns identified by the Attorney General," thus ruling on the Debtor's arguments
as interpreted by the Attorney General. (*Id.* at 3–4). The Bankruptcy Court concluded that
"[n]one of the Debtor's concerns, if indeed they are the ones identified by the Attorney General,
involve sanctionable conduct." (*Id.* at 4).

The Bankruptcy Court ultimately denied the Debtor's Motion "for three reasons: (1) the
Debtor lacks standing to bring it; (2) the motion fails to state cause to impose sanctions; and
(3) the motion was not served as required by Rules 9011 and 7004." (*Id.* at 5).

Finally, the Bankruptcy Court found it appropriate to award "the Attorney General the
reasonable expenses and attorney's fees incurred in opposing the Debtor's motion and invite[d]
the Attorney General to submit an affidavit setting forth those expenses and fees for the court's
consideration." (*Id.* at 6). In support, the Court noted that the Attorney General requested the
fee award and that Rule 9011 specifically provides for such an award to a prevailing party. The
Court further concluded that the "Debtor's motion was wholly without merit," and noted that the
"Debtor is a licensed attorney who should be fully aware of the consequences of filing motions
unsupported 'by existing law or by a nonfrivolous argument for the extension, modification, or
reversal of existing law or the establishment of new law,'" citing Rule 9011. (*Id.* at 5–6).

## DISCUSSION

### I.      Procedural Requirements of Rule 9011

Consideration of procedural compliance or shortcomings "precedes an inquiry on the
merits." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (6th Cir. 2014) (citations
omitted). In this instance, the Panel's ruling concerns the strictly enforced procedural
requirements for filing a motion for sanctions under Rule 9011.

Rule 9011 requires that "[e]very petition, pleading, written motion, and other paper,
except a list, schedule, or statement, or amendments thereto, shall be signed by at least one

attorney of record" or by an unrepresented party.  Fed. R. Bankr. P. 9011(a).  By presenting applicable documents to the court, the signing party makes certain certifications regarding the intent of the filer and the content of the filing.  Fed. R. Bankr. P. 9011(b).

The court may impose sanctions if it determines, "after notice and a reasonable opportunity to respond," that the certifications in subdivision (b) have been violated.  Fed. R. Bankr. P. 9011(c).  Sanctions may be imposed by motion or on the court's own initiative.  Fed. R. Bankr. P. 9011(c)(1).  A motion for sanctions under Rule 9011 must comply with the following requirements:

(i)     it "shall be made separately from other motions or requests";

(ii)    it "shall describe the specific conduct alleged to violate subdivision (b)";

(iii)   it "shall be served as provided in Rule 7004"; and

(iv)    it "may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."  Fed. R. Bankr. P. 9011(c)(1)(A).

The federal equivalent to Rule 9011 is Federal Rule of Civil Procedure 11.  *Budzynski v United States* (*In re Hayes*), 2012 WL 3150836, at \*2 (E.D. Mich. Aug. 2, 2012) ("The bankruptcy analogue to Rule 11 is Bankruptcy Rule 9011[.]").  Courts interpreting Rule 9011 frequently refer to cases interpreting and applying Rule 11.  *See, e.g.*, *Church Joint Venture, L.P. v. Grusin* (*In re Blasingame*), 709 F. App'x 363, 369–370 (6th Cir. 2018) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997) and *Penn*, 773 F.3d at 767, for their holdings that failure to comply with the Rule 11 safe harbor provision necessitates denial of a motion for sanctions); *Abrams v. St. Felix* (*In re Miller*), 414 F. App'x 214, 216–17 (11th Cir. 2011) (citing Rule 11 cases when applying Rule 9011); *Cadle Co. v. Pratt* (*In re Pratt*), 524 F.3d 580, 586 (5th Cir. 2008) ("'Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11,' therefore, we may refer to Rule 11 jurisprudence when considering sanctions under Rule 9011.") (citations omitted)).

Serving the motion 21 days prior to filing it, as required by Rule 9011 and Rule 11, is referred to as the "safe harbor" provision.  *See Church Joint Venture, L.P. v. Blasingame* (*In re Blasingame*), 559 B.R. 676, 684 (B.A.P. 6th Cir. 2016), *aff'd*, 709 F. App'x 363 (6th Cir. 2018).

The two goals of Rule 9011 are deterrence and compensation, with deterrence being the primary goal. *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992). "[S]anctions under Rule 11 are only appropriate when a party is made aware of the offending document as filed with the court and has an opportunity to withdraw the filing." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2006); *see also* Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9011.05[1][b] (16th ed. 2015) (*quoted in In re Bonilla*, 573 B.R. 368, 375 (Bankr. D.P.R. 2017) ("The safe harbor provision immunizes litigants from Rule 9011 motions if they withdraw or correct the challenged paper before the motion is filed or presented.").

The Sixth Circuit requires strict compliance with the safe harbor provision. *Ridder*, 109 F.3d at 297 (holding as such regarding the equivalent provision in Rule 11); *see also Blasingame*, 709 F. App'x at 369–370 (stating that it would be an abuse of discretion to award sanctions on a motion that fails to comply with Rule 9011's safe harbor provision).

As delineated below, the Debtor's Motion was procedurally deficient and failed to satisfy the mandatory "safe harbor" notice provision of Rule 9011.

### A.      Improper Service

First, the Motion was not properly served. Rule 9011 requires that a motion for sanctions "shall be served as provided in Rule 7004." Fed. R. Bankr. P. 9011(c)(1)(A). The Bankruptcy Court denied the Debtor's Motion in part because it was not served as required by Rule 9011 and Federal Rule of Bankruptcy Procedure 7004, which governs service of process. The Debtor does not contest this finding on appeal, nor could he. The Debtor certified that he served his Motion through the Bankruptcy Court's ECF filing system on the day he filed it, January 20, 2020. He stated that he provided advance notice through a December 9, 2019 letter and a January 17, 2020 letter, both of which he states he served by email. As determined by the Bankruptcy Court, such electronic service neither meets the requirements of Rule 7004(b)(6) nor Tennessee Rule of Civil Procedure 4.04(6), both governing service of process upon state governmental entities. Because the Sixth Circuit requires strict compliance with the safe harbor notice provision, *Ridder*, 109 F.3d at 297, the Debtor's failure to serve his Motion in accordance with Rule 7004 as

required by Rule 9011 is adequate basis to affirm the Bankruptcy Court's denial of the Motion. But there is an additional procedural deficiency that bolsters the Bankruptcy Court's decision.

**B.      The Motion Itself Was Not Served 21 Days Before Filing**

Second, the Debtor's Motion is procedurally deficient in that it relies on a warning letter for its substance, arguments and notice. Although the Bankruptcy Court did not mention this specific deficiency in its Order, the Panel is "free to affirm the judgment on any basis supported by the record." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002).

Rule 9011 expressly requires "service *of the motion*" at least 21 days prior to filing it. Fed. R. Civ. P. 9011(c)(1)(A) (emphasis added). "Courts have frequently recognized that '[w]hen we can discern an unambiguous and plain meaning from the language of a rule, our task is at an end.'" *Blasingame*, 559 B.R. at 685 (quoting *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 244 (6th Cir. 2009) (additional citations and quotation marks omitted)). The Sixth Circuit holds that the substantially similar Rule 11 "specifically requires formal service of a motion," and service of a warning letter does not suffice. *Penn*, 773 F.3d at 767 (expressly declining to follow its own contrary prior unpublished decisions). In so holding, the Sixth Circuit rationalized as follows:

> We previously commented that "[t]he inclusion of a 'safe harbor' provision is expected to reduce Rule 11's volume, formalize appropriate due process considerations of sanctions litigation, and diminish the rule's chilling effect." *Ridder*, 109 F.3d at 294. Similarly, the Advisory Committee reasons that "the 'safe harbor' period begins to run only upon service of the motion" in order "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).
>
> Permitting litigants to substitute warning letters, or other types of informal notice, for a motion timely served pursuant to Rule 5 undermines these goals. Whereas a properly served motion unambiguously alerts the recipient that he must withdraw his contention within twenty-one days or defend it against the arguments raised in that motion, a letter prompts the recipient to guess at his opponent's seriousness. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir.2001). Thus, not only Rule 11's text, but also "[p]ragmatic realities require such strict adherence to the rule's outlined procedure." *Ridder*, 109 F.3d at 297.

*Id.* at 767–68. Rule 9011 likewise expressly requires "service *of the motion*" at least 21 days prior to filing it. Fed. R. Bankr. P. 9011(c)(1)(A) (emphasis added). The Panel finds the Sixth Circuit's rationale to be persuasive and equally applicable to Rule 9011. The Debtor's reliance on his December 9, 2019 and January 17, 2020 letters for compliance with Rule 9011's advance notice requirement was misplaced. Warning letters do not satisfy the safe harbor provision of Rule 9011.

### C. Lack of Specificity

Third, and relatedly, the Bankruptcy Court found that the Motion lacked the required specificity. A motion that fails to "describe the specific conduct alleged to violate subdivision (b)" fails to satisfy a mandatory requirement of Rule 9011(c)(1)(A), but also fails to satisfy the notice goal of the safe harbor provision – to provide the other party notice of the violative conduct and opportunity to withdraw the offending filing. *See Penn*, 773 F.3d at 766–68; *see also Abrams v St. Felix (In re Miller)*, 414 F. App'x 214, 217 (11th Cir. 2011); *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 389 (2d Cir. 2003).

In this case, the Bankruptcy Court found that the content of the Debtor's motion did not comply with Rule 9011 in that it did not "describe the specific conduct alleged to violate subdivision (b)," as required by Rule 9011(c)(1)(A). (Order Denying Motion for Sanctions at 3). The Debtor contests the Bankruptcy Court's finding of lack of specificity in one respect: "Whether the Bankruptcy Court erred in finding … that Debtor had not specified in what way the Debtor claims the joinder by TDOT in a renewed Motion for the Appointment of a Chapter 11 Trustee was improper . . . ." (Appellant's Brief at 2, B.A.P. Case No. 20-8002, ECF No. 18).[1]

---

[1]Although not necessary to our holding, the Panel questions the timeliness of the Debtor's complaint about TDOT's joinder in a motion to appoint a trustee that was decided a year prior. A Rule 9011 motion must be served when an objected-to contention may still be withdrawn or corrected. *Ridder*, 109 F.3d at 295. The Debtor's Rule 9011 Motion does not provide the Attorney General notice that the Debtor alleges its joinder filing violated subdivision (b) of Rule 9011 in time for the Attorney General to withdraw the filing.

Furthermore, challenged motions or papers are reviewed based on the circumstances at the time they were filed, without consideration of subsequent events. The Sixth Circuit has explained the test for sanctions as follows:

As with Rule 11, the test for imposing Rule 9011 sanctions is whether the individual's conduct was reasonable under the circumstances. *See Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996) (which addresses, among other issues, the proper time to impose Rule 11 sanctions). In applying this test, the bankruptcy court "is not to use the benefit of hindsight but 'should test the signer's conduct by inquiring what was reasonable to believe at the time the . . . motion . . . was

As to this finding, the Bankruptcy Court stated: "According to the Attorney General, the Debtor's second concern is with a December 6, 2018 notice of joinder in a renewed motion for the appointment of a Chapter 11 trustee. The motion does not specify in what way the Debtor claims the joinder was improper." (Order Denying Motion for Sanctions at 4). The Bankruptcy Court then looked to the Debtor's December 9, 2019 letter for additional explanation of the Debtor's argument but found the argument unclear.

While the Panel shares the Bankruptcy Court's concern about specificity, any ruling on that point requires review of arguments contained in a procedurally deficient warning letter attached to a Motion that should not have been filed with the Court because it was not properly served at least 21 days in advance. Since the Debtor unquestionably failed to comply with the safe harbor requirements of Rule 9011 relating to form and service of notice, the Panel declines any further review of the merits of Debtor's arguments, including the specificity of same.

### D. Conclusion

The Sixth Circuit requires strict compliance with Rule 9011's safe harbor provision. *See Ridder*, 109 F.3d at 297. In at least two respects, the Debtor failed to comply with the safe harbor provision, which is clearly explained in the very Rule under which the Debtor filed his Motion. Therefore, the Bankruptcy Court did not abuse its discretion in denying the Debtor's Rule 9011 Motion on procedural grounds.

## II. Sanctions

The Debtor also appeals the Bankruptcy Court's decision to award sanctions against him in connection with his Motion for Sanctions against the Attorney General.

---

submitted.'" *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir.1991) (quoting *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S. Ct. 291, 98 L.Ed.2d 251 (1987)) (inner quotation omitted).

*Mapother & Mapother, P.S.C. v. Cooper* (*In re Downs*), 103 F.3d 472, 481 (6th Cir. 1996). Although the Panel declines to review the merits of the Debtor's arguments because the Debtor's Motion was procedurally deficient, the Panel notes that to the extent the Debtor relies on events post-dating the Bankruptcy Court's decision as to the appointment of a trustee to indicate that TDOT's joinder in the motion violated subdivision (b) of Rule 9011, such reliance may be misplaced as such events may be irrelevant to a Rule 9011 motion.

The same paragraph of Rule 9011 that allows for the filing of a motion for sanctions and details the requirements for such motion also provides a court the option of awarding attorney's fees to the prevailing party. Fed. R. Bankr. P. 9011(c)(1). The Rule provides: "If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." *Id.* As discussed above, the Debtor's Motion was patently procedurally deficient, failing to satisfy the express requirements of Rule 9011 when strict compliance was required. *See Ridder*, 109 F.3d at 297. The Panel further notes that although the Debtor was acting pro se, he is a licensed attorney. The Bankruptcy Court did not abuse its discretion in awarding attorney's fees against the Debtor under those circumstances.

The Debtor also complains on appeal about the Bankruptcy Court denying the Debtor's Motion and awarding prevailing party sanctions to the Attorney General without conducting a hearing. The Debtor cites no legal authority in support of his implicit argument that a hearing was required. Conclusory arguments without citation to authority are waived on appeal. *Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 441 (6th Cir. 2002). Nevertheless, the Panel notes that Rule 9011 does not expressly require a hearing. More importantly, no amount of oral argument could have remedied the procedural deficiencies of the Debtor's Motion. In many instances, a hearing may be an essential part of the process for determining the need to award sanctions. However, under the undisputed facts relating to filing the Motion in direct violation of the procedural requirements of Rule 9011, the Bankruptcy Court did not abuse its discretion in awarding prevailing party sanctions against the Debtor without conducting a hearing.

## CONCLUSION

The Debtor's Motion failed to comply with the procedural requirements of Rule 9011, and the Panel affirms the Bankruptcy Court's denial of the Motion on that basis alone. Because consideration of procedural compliance or shortcomings "precedes an inquiry on the merits," *Penn*, 773 F.3d at 766, the Panel declines to review the Bankruptcy Court's decisions as to the

Debtor's standing and the merits of his Motion.**2** *See id.* (finding alternative procedural ground to affirm the lower court's denial of a Rule 11 motion on the merits); *see also Busson–Sokolik v. Milwaukee School of Eng'g (In re Busson-Sokolik)*, 635 F.3d 261, 269–70 (7th Cir. 2011) (refusing to reach the merits of an alleged violation of Rule 9011 when movant failed to comply with the 21-day safe harbor provision).

The Bankruptcy Court's ruling on the Motion and the award of sanctions against the Debtor is affirmed.

---

**2**On August 7, 2020, the Debtor filed a Notice informing the Panel of the status of the Debtor's separate appeal relating to the constitutionality of the Tennessee Billboard Act and the enactment of a new billboard law. Fed. R. Bankr. P. 8014(f) permits a party to advise the clerk of "pertinent and significant authorities" that "come to a party's attention after the party's brief has been filed." The submission "must state the reasons for the supplemental citations, referring either to the pertinent page of a brief or to a point argued orally." *Id.* Because the content of the Notice appears to relate to the Debtor's arguments based on standing and/or the merits of his Motion for Sanctions, whereas the Panel affirms the Bankruptcy Court's order solely on procedural grounds, the Panel declines to consider the Notice.