# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-1975

_____

Gwen G. Caranchini,

*Plaintiff*

v.

Nationstar Mortgage, LLC

*Defendant*

Martin Leigh, P.C.

*Defendant - Appellee*

v.

Gregory Leyh; Gregory Leyh, P.C.

*Interested parties - Appellants*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 16, 2023
Filed: April 3, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Attorney Gregory Leyh and his law firm were sanctioned by the district court pursuant to Missouri Supreme Court Rule 55.03 and Federal Rule of Civil Procedure 11 for filing frivolous claims.[1]  On appeal, Leyh argues the sanction cannot stand because the party requesting the sanctions, Martin Leigh, P.C., failed to comply with Rule 11(c)(2)'s safe harbor provision when it initiated the sanctions process.  We hold that the imposition of sanctions was improper under Rule 11.  Therefore, we reverse and remand for further proceedings consistent with this opinion.

## I.  Background

A few years after Gwen Caranchini borrowed $300,000 to finance the purchase of a home, she stopped making payments on the loan.  To stop foreclosure on her home, Caranchini then filed a number of lawsuits against various note holders, loan servicers, and trustees for the deed of trust.  This case, filed on August 15, 2017, involves her fourth such attempt.  Caranchini—represented by Leyh— sued the loan servicer, Nationstar Mortgage, LLC, and Martin Leigh, the successor trustee, in Missouri state court.  Nationstar removed the case to federal court.  Caranchini moved for remand, but on August 16, 2018, the district court denied the motion because it found Caranchini fraudulently joined Martin Leigh to defeat the court's diversity jurisdiction and prevent removal.  The same order dismissed Caranchini's claims against Martin Leigh.

---

[1]"Rule 55.03 . . . is Missouri's equivalent to Rule 11."  *Hatch v. TIG Ins. Co.*, 301 F.3d 915, 918 (8th Cir. 2002).  *See also Dillard Dep't. Stores, Inc. v. Muegler*, 775 S.W.2d 179, 186 (Mo. Ct. App. 1989) ("Rule 55.03 is substantially the same as Federal Rule 11, and it is appropriate to look to that provision for construction."); *State ex rel. Accurate Constr. Co. v. Quillen*, 809 S.W.2d 437, 440 (Mo. Ct. App. 1991) ("Federal decisions construing Rule 11 are persuasive in applying Rule 55.03.").

On October 5, 2018, almost two months after being dismissed from the case, Martin Leigh served Leyh with a motion for sanctions and a letter warning that the motion would be filed with the district court after thirty days "unless [the issue was] resolved to the firm's satisfaction." Martin Leigh then filed the motion for sanctions on November 16, 2018. Just two weeks later, Leyh filed a motion to dismiss the sanctions motion for lack of subject matter jurisdiction. In his written reply to the motion, Leyh noted that he had not been given the opportunity to respond to the safe harbor letter. The district court denied the motion, and eventually held a hearing regarding sanctions on October 13, 2020. In supplemental briefing, Leyh claimed Martin Leigh failed to mitigate its damages by not sending the safe harbor letter earlier. Leyh quoted the Advisory Committee's Note for Rule 11, which states, "a party cannot delay filing its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."

The district court was unconvinced. On September 2, 2021, the district court ordered Leyh to pay $50,000 as a monetary penalty and to reimburse Martin Leigh's attorney fees and costs. In its order, the district court erroneously stated:

> Martin Leigh served Leyh with [its motion] on October 5, 2017–just two months into the lawsuit–when almost no work had been done on the case. Leyh's intimation that if it had been served earlier he would have withdrawn the lawsuit and Martin Leigh would not have spent as much time working on the case is not credible. *Thus*, the Court finds the attorneys' fee award sought by Martin Leigh is reasonable . . . .

Order Granting Motion For Sanctions, *Caranchini v. Nationstar Mortg., L.L.C.*, No. 17-0775 (W.D. Mo. Sept. 2, 2021), ECF No. 128 (emphasis added). Leyh moved to vacate the order based on this mistake of fact, but the district court denied the motion. The district court then entered an order determining fees on May 6, 2022, sanctioning Leyh with the $50,000 penalty and $107,710.10 in attorney fees. Leyh appeals the order of sanctions.

-3-

## II.  Analysis

On appeal, Leyh argues the district court violated Rule 11 by ordering sanctions.  We review the imposition of sanctions under Rule 11 for abuse of discretion.  *Landscrape Props., Inc. v. Whisenhunt*, 127 F.3d 678, 682 (8th Cir. 1997).  This court will "only reverse a sanction when the district court based its decision 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'"  *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990)).

Leyh contends he is protected from sanctions under Rule 11's safe harbor provision.[2]  Rule 11 states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).  More succinctly, the motion for sanctions may only "be filed or . . . presented to the court" if "the challenged paper, claim, defense, contention, or denial" is not "withdrawn or appropriately corrected" within the 21–day period.  Thus, Rule 11(c)(2) creates a "safe harbor" where a party is given the

---

[2]Martin Leigh claims Leyh waived this argument by failing to present it to the district court.  We disagree.  In his reply in support of his motion to dismiss the sanctions motion, Leyh explicitly cited the safe harbor provision and stated he was not given the opportunity to respond to the safe harbor letter.  Leyh also raised a timeliness argument in his post-hearing supplemental brief.  There, Leyh cited the Advisory Committee's Notes for Rule 11, arguing that Martin Leigh was not entitled to attorney fees because it "waited until the litigation had been pending over a year to send Leyh the safe harbor letter."  These arguments were enough to raise the timeliness issue with the district court.

opportunity to withdraw or correct the challenged paper before a sanctions motion is filed.

Here, Martin Leigh served its motion for sanctions on October 5, 2018, a month and a half after it had been dismissed from the case. Thus, Leyh was not afforded an opportunity to remedy the sanctionable conduct and avoid the sanction. The district court speculated that even if Leyh had been given the opportunity, he would not have dismissed the claims, given his colorable record in this case. But assumptions do not excuse compliance with the text of Rule 11. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("The safe-harbor provision is a strict procedural requirement."). Therefore, the imposition of Rule 11 sanctions against Leyh cannot be sustained.

The district court found that because Martin Leigh cited potential Rule 11 problems in its motion for summary judgment, Leyh was on notice of these concerns and should have withdrawn the offensive pleadings after receiving the warning. But Martin Leigh's single sentence about potential violations does not comply with the text of Rule 11. Rule 11 specifically says, "[t]he *motion* must be served" on the other party 21 days before being filed in court. Fed. R. Civ. P. 11(c)(2) (emphasis added). Moreover, the Advisory Committee's Notes instruct parties to give "*informal notice* to the other party, whether in person or by telephone call or letter, of a potential violation *before* proceeding to prepare and serve [the other party with] a Rule 11 motion." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (emphasis added). Thus, informal notice is only a "professional courtesy," *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014), not the official notice that starts the 21–day safe harbor period. It is clear from the plain language of the rule that, in order for the district court to contemplate imposing Rule 11 sanctions, the offending party can receive official notice only through a proposed motion, which "unambiguously alerts the recipient" of the sending party's intentions. *Id.* at 767. *See also Gordon v. Unifund CCR Partners,* 345 F.3d 1028, 1030 (8th Cir. 2003) (reversing a sanctions award, in part, because "[Appellee] did not serve a prepared motion on Appellant prior to making any request to the court").

Done any other way, the recipient would be left "guess[ing] . . . the opponent's seriousness." *Penn*, 773 F.3d at 768.

There is no doubt Caranchini's claims against Martin Leigh were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law." *See* Fed. R. Civ. P. 11(b)(2). The tactics employed by Leyh were an abuse of the legal system. Unfortunately, Martin Leigh did not follow the safe-harbor requirements outlined in Rule 11(c)(2). To be sure, this does not mean Leyh was protected from all sanctions. The district court could have imposed sanctions pursuant to Rule 11(c)(3), awarded costs through 28 U.S.C. § 1927, or used its inherent powers to impose sanctions, *see Gallagher v. Magner*, 619 F.3d 823, 844 (8th Cir. 2010) ("District courts have the inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). But because none of these alternative avenues were pursued, we are left with no other choice but to reverse the district court's sanction award.

### III. Conclusion

Because the safe harbor provision of Rule 11(c) precludes the imposition of sanctions under these circumstances, we reverse and remand the case to the district court for entry of judgment vacating the award.

_____